IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARNEL DAVONE WALKER,**<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**SUPREME COURT OF CALIFORNIA,**<br><br>　　　　　　　　　Respondent. | Case No. 1:16-cv-00119 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDATE**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br><br>**[Doc. 1]** |

　　　　Petitioner, a state prisoner, proceeds *pro se* with a petition styled as a petition for writ of mandate.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In his petition for writ of mandate, Petitioner requests this Court order the November 24, 2015 decision of the United States District Court for the Central District of California to be vacated and to review the prior denials of his criminal appeals in the California state courts. See Walker v. Supreme Court of California, 2015 U.S. Dist. LEXIS 159598 (C.D. Cal. Nov. 24, 2015).

　　　　Although the federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

1

1 employee of the United States or any agency thereof to perform a duty owed to the
2 plaintiff" (28 U.S.C. § 1361), federal district courts are without power to issue mandamus
3 to direct other federal courts in the delegation of their legal duty. This Court finds the
4 petition for writ of mandate procedurally inappropriate. A writ of mandate is used to
5 compel a lower court to act, not to have the court of original jurisdiction review its own
6 decision. A challenge in this Court of a judgment by another district court is not proper.
7 Such challenges should be brought in the first instance to the proper appellate court, in
8 this case, the Ninth Circuit Court of Appeals.

9 Furthermore, federal district courts are without power to issue mandamus to direct
10 state courts, state judicial officers, or other state officials in the performance of their
11 duties. A petition for a writ of mandamus to compel a state court or official to take or
12 refrain from some action is frivolous as a matter of law. See Demos v. U.S. District
13 Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks
14 jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366
15 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of
16 mandamus to direct state courts or their judicial officers in the performance of their
17 duties[.]"); see also Newton v. Poindexter, 578 F.Supp. 277, 279 (C.D. Cal. 1984) (§
18 1361 has no application to state officers or employees). Accordingly, regardless whether
19 Petitioner requests this Court to direct another district court or a state court to act, this
20 Court cannot grant the relief Petitioner seeks.

21 Because the Court cannot grant the mandamus relief sought by Petitioner, his
22 petition will be dismissed for failure to state a claim upon which relief can be granted.
23 However, an action should not be dismissed without leave to amend unless it appears
24 that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,
25 440 F.2d 13, 14 (9th Cir. 1971). Even if Petitioner were allowed to amend his petition
26 into a petition for writ of habeas corpus, it would be dismissed as a second or successive
27 petition. See 28 U.S.C. § 2244(b); Walker v. Supreme Court of California, 2015 U.S.
28 Dist. LEXIS 159598 (C.D. Cal. Nov. 24, 2015) (describing how Petitioner has already

1  filed several federal habeas petitions.

2      This Court cannot grant the relief Petitioner seeks and amendment would be
3  futile. The Court recommends that the petition for writ of mandate be denied.

4  **II.**     **CONCLUSION AND RECOMMENDATION**

5      The Court RECOMMENDS that the petition, whether construed as a petition for
6  writ of mandate or as a petition for writ of habeas corpus be DISMISSED. Further, the
7  Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

8      These findings and recommendations are submitted to the United States District
9  Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636
10 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
11 Eastern District of California. Within thirty (30) days after being served with a copy, any
12 party may file written objections with the Court and serve a copy on all parties. Such a
13 document should be captioned "Objections to Magistrate Judge's Findings and
14 Recommendations." Replies to the objections shall be served and filed within fourteen
15 (14) days (plus three days if served by mail) after service of the objections. The Court
16 will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
17 parties are advised that failure to file objections within the specified time may waive the
18 right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th
19 Cir. 2014).

IT IS SO ORDERED.

Dated:   February 29, 2016     /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE