IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARNEL DAVONE WALKER,**<br>Petitioner,<br>v.<br>**SUPREME COURT OF CALIFORNIA,**<br>Respondent. | Case No. 1:16-cv-00119 LJO MJS (HC)<br>**ORDER DENYING MOTION TO RECALL AND AMEND JUDGMENT**<br>**[Doc. 7]** |

    Petitioner is a state prisoner proceeding *pro se* with a petition styled as a petition for writ of mandate.

    Because the Court could not grant the mandamus relief sought by Petitioner, on March 23, 2016, it dismissed his petition for failure to state a claim. The Court did not give Petitioner leave to amend. Amendment would have been futile because, even if the petition had been construed as a petition for writ of habeas corpus, it would have been a successive petition under 28 U.S.C. § 2244(b)(1).

1

On April 6, 2016, Petitioner filed a motion to recall and amend the judgment. (ECF No. 7). The legal authority upon which Petitioner relies in moving to recall is inapplicable. He relies on Cahill v. New York, New Haven & Hartford R.R.. That case, however, case only discusses motions to recall before the United States Supreme Court, rather than those pending before a district court. 351 U.S. 183 (1956); see e.g., Ashmus v. Calderon, 1998 U.S. Dist. LEXIS 17104 (N.D. Cal. Oct. 27, 1998).

Petitioner also inappropriately relies on federal admiralty statues as a basis for the present motion. His reliance is misplaced. Such authority does not provide a collateral challenge to a state criminal conviction.

Construing the motion in a light most favorable to Petitioner, the Court will consider it a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner does not set forth any arguments or evidence that have not already been considered by this Court. The Court finds correct its prior ruling that the petition fails to state a cause of action as a petition for writ of mandate and also must be dismissed as a successive petition for writ of habeas corpus. To the extent Petitioner

2

1 | seeks permission to file a successive petition, he should file a request directly with the
2 | Ninth Circuit Court of Appeals.
3 |     Accordingly, Petitioner's motion to recall or amend the judgment is DENIED.
4 | IT IS SO ORDERED.

Dated: **May 12, 2016**          /s/ Lawrence J. O'Neill
                                                UNITED STATES CHIEF DISTRICT JUDGE